IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TRINIDAD JAQUEZ,

    Plaintiff,

v.                                                                                  Case No. 1:22-cv-00540-GBW-JHR

PACCAR, INC. d/b/a PETERBILT MOTOR
COMPANY and UNITED EQUIPMENT
FUNDING, INC.

    Defendants.

## DEFENDANT PACCAR, INC., D/B/A PETERBILT MOTOR COMPANY'S MOTION TO DISMISS

Defendant PACCAR, Inc., d/b/a Peterbilt Motor Company ("Peterbilt"), by and through its counsel, hereby submits its Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), which states as follows:

### I. INTRODUCTION

This case arises from alleged tire defects in a truck Plaintiff purchased from Defendant United Equipment Funding, Inc. ("United") in April, 2017. [Doc. 1-1 at ¶¶ 9-19]. Plaintiff alleges Peterbilt manufactured that vehicle. [*Id.* at ¶¶ 26, 31]. She alleges she started noticing tire flattening issues with the subject truck in March 2018. [*Id.* at ¶ 10]. Plaintiff filed her Complaint for Breach of Implied Warranty of Merchantability, Breach of Covenant of Good Faith and Fair Dealing, and Breach of Contract in this matter on June 13, 2022, well over five years after she purchased the truck and outside her statute of limitations period. [*Id.* at pp. 5-11]; N.M.S.A. 1978, § 55-2-725. Although Plaintiff asserts breach of contract claims against Peterbilt, her Complaint contains no well-pled allegations specifying what alleged contract she formed with Peterbilt that Peterbilt allegedly breached, which provides an independent basis for dismissal of the breach of contract

claims. Plaintiff also failed to allege facts showing that she provided notice of alleged breaches to the seller within a reasonable time, which is a prerequisite to any claim under the Uniform Commercial Code ("UCC"), which applies to this case. [*Id.* at pp. 5-11]; N.M.S.A. 1978, §§ 55-2-102, 55-2-607(3)(a). Plaintiff further failed to allege facts necessary to establish her claim for lost profits. [Doc. 1-1 at pp. 5-11]; N.M.S.A. 1978, § 55-2-715(2)(a). Finally, Plaintiff cannot collect emotional distress damages under the UCC. *See Pedroza v. Lomas Auto Mall, Inc.*, 625 F.Supp.2d 1156, 1161 (D.N.M. 2009). For those reasons, which are discussed in further detail below, this Court should dismiss all Plaintiff's claims against Peterbilt in this case with prejudice. *See infra*; Fed. R. Civ. P. 12(b)(6).

## II. STANDARD OF REVIEW

In reviewing a motion to dismiss filed under Rule 12(b)(6), a court must accept as true all well-pleaded facts, as opposed to conclusory allegations. *See Thornton v. Tyson Foods, Inc.*, 482 F.Supp.3d 1147, 1154 (D.N.M. 2020). In ruling on such motion, the court "should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Id.* at 1155 (quoting *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011)). "Mere labels and conclusions or formulaic recitations of the elements of a cause of action will not suffice." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

## III. ARGUMENT

### A. <u>Plaintiff's claims are barred by the statute of limitations.</u>

The UCC "applies to transactions in goods" and thus applies to Plaintiff's truck purchase in this case. *See* N.M.S.A. 1978, § 55-2-102; [Doc. 1-1 at ¶ 9]. Under the UCC, "[a]n action for breach of any contract for sale must be commenced within four years after the cause of action has

accrued." N.M.S.A. 1978, § 55-2-725(1). "A cause of action accrues when the breach occurs" and a breach of implied warranty occurs when tender of delivery is made. *See* N.M.S.A. 1978, § 55-2-725(2); *AIG Aviation Ins. v. Avco Corp.*, 709 F.Supp.2d 1124, 1131-32 (D.N.M. 2010) (noting that "actions for breach of warranty must be brought within four years of delivery, unless the warranty explicitly guarantees future performance" and that implied warranties "do not explicitly guarantee future performance").

Here, Plaintiff alleges she purchased the subject truck in April, 2017 and that she had been using that truck for five months as of March, 2018 when she started noticing tire flattening issues. [Doc. 1-1 at ¶¶ 9-10]. However, Plaintiff did not file her Complaint in this matter until June 13, 2022, which is well over four years after she received the truck. [Doc. 1-1 at 1]. Thus, Plaintiff filed her claim for breach of implied warranty of merchantability after her statute of limitations period had expired for that claim, so that claim must be dismissed. *See* N.M.S.A. § 55-2-725; *AIG Aviation Ins.*, 709 F.Supp.2d at 1131-32; [Doc. 1-1 at ¶¶ 20-24].

Plaintiff also filed her remaining claims for breach of the covenant of good faith and fair dealing and breach of contract outside her statute of limitations period, so those claims must also be dismissed. Plaintiff's theory for those claims is that the subject truck was defective and not usable. [Doc. 1-1 at ¶¶ 25-34]. Plaintiff alleges she purchased the truck in April, 2017 and first started noticing alleged truck defects in March, 2018. Therefore, the alleged breach (i.e., the alleged failure of the truck to be usable) occurred well over four years before Plaintiff filed her Complaint on June 13, 2022. In sum, Plaintiff filed all her claims outside the statute of limitations period, so her claims must be dismissed on that basis alone.

**B. Plaintiff failed to allege facts to show she provided notice of alleged breaches to the seller within a reasonable time, which also bars her claims.**

Where a buyer accepts a good, he "must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy[.]" *See* N.M.S.A. 1978, § 55-2-607(3)(a); *Thornton v. Tyson Foods, Inc.*, 482 F.Supp.3d 1147, 1161-62 (D.N.M. 2020); *Badilla v. Wal-Mart Stores East, Inc.*, 2017-NMCA-021, ¶ 10, 389 P.3d 1050. A court can determine the reasonableness of notice as a matter of law. *Badilla*, 2017-NMCA-021, ¶ 14. "Factors to be considered in determining reasonableness of notice include the obviousness of the defect, the perishable nature of the goods, and possible prejudice to the seller from the delay." *Id.* at ¶ 21.

Here, Plaintiff does not allege any facts to show she provided notice of defects to the seller within a reasonable time, which provides this Court an independent basis to dismiss her claims. Plaintiff alleges that her truck experienced tire flattening issues from March, 2018 to June, 2020, which prompted her to bring the truck to various entities *other than* Peterbilt and United for repairs within that timeframe. [Doc. 1-1 at ¶¶ 10-16]. With regard to Peterbilt and United's notice, Plaintiff's Complaint only contains the conclusory allegation that "Plaintiff has apprised both Defendant Peterbilt and Defendant United of the recurring instances of tire failure, and both parties have asserted that there are no issues with the vehicle itself." [Doc. 1-1 at ¶ 18]. Plaintiff does not state any additional details about that alleged notice, such as when or how it occurred. Thus, Plaintiff failed to allege facts to show she provided the seller notice of alleged defects within a reasonable time, as required by the UCC, so her claims must be dismissed on that additional basis.

C. **<u>Plaintiff failed to allege sufficient facts to establish her breach of contract claims against Peterbilt.</u>**

It is axiomatic that a claim for breach of contract requires the existence of a contract, and breach of that contract. *See Armijo v. Wal-Mart Stores, Inc.*, 2007-NMCA-120, ¶ 34, 142 N.M. 557, 168 P.3d 129 (outlining the elements of a breach of contract claim). A claim for breach of the covenant of good faith and fair dealing also requires the existence of a contract. *See Kropinak v. ARA Health Services, Inc.*, 2001-NMCA-081, ¶ 5, 131 N.M. 128, 33 P.3d 679 ("Under the implied covenant of good faith and fair dealing, courts can award damages against a party *to a contract* whose actions undercut another party's rights or benefits under the *contract*.") (emphasis added).

Here, the only allegation in the Complaint that Plaintiff formed a contract with Peterbilt is the vague and conclusory assertion that "Plaintiff entered into the subject contract with Defendants [Peterbilt] and [United] in the city of Albuquerque, Bernalillo County, New Mexico." [Doc. 1-1 at ¶ 1]. This Court must disregard that allegation for purposes of this Motion. *See Thornton*, 482 F.Supp.3d at 1155 ("Mere labels and conclusions or formulaic recitations of the elements of a cause of action will not suffice.") (quoting *Twombly*, 550 U.S. at 555). Plaintiff does not elaborate on the alleged "subject contract" between her and Peterbilt, and does not attach it to her Complaint, despite D.N.M.LR-10.4, which allows a plaintiff to attach an exhibit to her complaint which forms the basis for the action. Because Plaintiff failed to plead sufficient facts to establish her claims against Peterbilt for breach of the covenant of good faith and fair dealing and breach of contract, those claims must be dismissed.

D. **<u>Plaintiff failed to allege facts necessary to show her entitlement to lost profits.</u>**

A buyer can collect consequential damages stemming from the seller's breach, which include "any loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably be prevented by

5

cover or otherwise[.]" N.M.S.A. 1978, § 55-2-715(2)(a). Lost profits are a form of consequential damages under Section 55-2-715(2)(a). *See id.*; *Manouchehri v. Heim*, 1997-NMCA-052, ¶¶ 23-25, 123 N.M. 439, 941 P.2d 978 (affirming the district court's lost profits award where the buyer proved the requirements of Section 55-2-715(2)(a)). Thus, in order for a buyer to prove her entitlement to lost profits under the UCC, she must prove that at the time of contracting the seller had reason to know the buyer may lose profits if the seller breached the contract, and that the buyer could not have reasonably prevented the lost profits. *See id.*

Here, Plaintiff failed to allege any facts to prove those requirements. As discussed, Plaintiff's Complaint only includes the conclusory allegation that "Plaintiff entered into the subject contract with" Peterbilt. [Doc. 1-1 at ¶ 1]. Plaintiff did not state any specific facts to even establish she formed a contract with Peterbilt, let alone facts to show that at the time of contracting Peterbilt had reason to know Plaintiff may lose profits if Peterbilt committed a breach. Plaintiff also failed to allege any facts to establish the second requirement of Section 55-2-715(2)(a), i.e., that Plaintiff could not have reasonably prevented the $569,100 in lost profits she claims in this case, such as by using another truck in her or her company's possession, or by renting another truck. [Doc. 1-1 at pp. 5-11]. Thus, even if Plaintiff had alleged a valid claim against Peterbilt, she still would not be able to collect lost profits from Peterbilt.

E.  **Plaintiff cannot collect emotional distress damages.**

Finally, although Plaintiff claims emotional distress damages in this case, such damages are generally not recoverable under the UCC. [Doc. 1-1 at 11]; *Pedroza v. Lomas Auto Mall, Inc.*, 625 F.Supp.2d 1156, 1161 (D.N.M. 2009). Emotional distress damages "will be excluded unless the breach also caused bodily harm or the contract or the breach is of such a kind that serious emotional disturbance was a particularly likely result." *Id.* (quoting *Flores v. Baca*, 117 N.M. 306,

314, 871 P.2d 962, 970 (1994), which was quoting *Restatement (Second) of Contracts* § 353 (1979)). An example of the latter is severe emotional distress stemming from breach of a funeral services contract. *See id.* (citing *Flores*, 117 N.M. at 314).

Here, Plaintiff did not allege that Peterbilt's alleged breaches caused bodily harm, or that the alleged breaches or contract were "of such a kind that serious emotional disturbance was a particularly likely result." *See Pedroza*, 625 F.Supp.2d at 1161. Rather, the alleged contract for sale of a truck, and alleged truck defects are *not* of such nature to give rise to emotional distress damages. Thus, even if Plaintiff had alleged a valid claim against Peterbilt, she still would not be able to collect emotional distress damages from Peterbilt.

## IV. PRAYER FOR RELIEF

For the reasons stated above, Plaintiff has failed to state a claim against Peterbilt upon which relief can be granted, so this Court should dismiss all Plaintiff's claims against Peterbilt with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted,

**HARTLINE BARGER LLP**

By /s/ Ryan T. Goodhue
    Ryan T. Goodhue
    500 Marquette NW, Suite 770
    Albuquerque, NM 87102
    Phone:  (505) 336-5300
    Fax: (505) 336-5335
    rgoodhue@hartlinebarger.com

    Donald A. DeCandia
    141 E. Palace Ave, Garden Suite #100
    Santa Fe, NM  87501
    Phone: (505) 336-5298
    Fax: (214) 267-4286
    ddecandia@hartlinebarger.com
    *Attorneys for Defendant PACCAR, Inc., d/b/a Peterbilt Motor Company*

WE HEREBY CERTIFY that on the 27th day of July, 2022, we filed the foregoing electronically through the CM/ECF system, which caused all counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

**HARTLINE BARGER LLP**

By: */s/ Ryan T. Goodhue*
    Ryan T. Goodhue