IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TRINIDAD JAQUEZ,

      Plaintiff,

      vs.                                                                         No. 1:22-cv-540-WJ-JHR

PACCAR, INC. d/b/a PETERBILT MOTOR
COMPANY and UNITED EQUIPMENT
FUNDING, INC.

      Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT UNITED EQUIPMENT FUNDING, INC.'S MOTION FOR SUMMARY JUDGMENT and GRANTING DEFENDANT PACCAR, INC'S MOTION TO DISMISS

**THIS MATTER** is before the Court on Defendant United Equipment Funding, Inc.'s ("United") Motion for Summary Judgment (Doc. 14), and Defendant PACCAR, Inc., d/b/a Peterbilt Motor Company's ("Peterbilt") Motion to Dismiss (Doc. 7). This case arises from Plaintiff's claim that United sold her a defective commercial truck manufactured by Peterbilt. Plaintiff sued United and Peterbilt for breach of contract, breach of the implied warranty of merchantability, and breach of the implied covenant of good faith and fair dealing. United now moves for summary judgment, and Peterbilt moves to dismiss the lawsuit on grounds that all three of Plaintiff's claims are time-barred under the Uniform Commercial Code ("UCC") four-year statute of limitations for claims arising from the sale of goods. After reviewing the parties' briefing and the applicable law, the Court agrees, and Defendants' Motions are **GRANTED**.

**FACTUAL BACKGROUND**

1

Plaintiff Trinidad Jaquez is the owner of L&C Transport, LLC ("L&C"). Doc. 14 at 2. Defendant United is an independent used truck dealer. Doc. 1-1 at 2. Defendant Peterbilt is a subsidiary of PACCAR, Inc., and a manufacturer of commercial trucks. *Id* at 6. On September 16, 2017, L&C entered into a contract to purchase a 2018 Peterbilt 388 commercial truck from United. Doc. 14 at 2. The Buyer's Order and Invoice ("Contract") lists "L&C Transport, LLC" as the "purchaser," although Plaintiff Trinidad Jaquez initiated the instant lawsuit in her own name.[1] *Id*. Plaintiff first signed the Contract in New Mexico. United then signed the Contract in Colorado and as the last party to do so, gave effect to the Contract. Doc. 14 at 2.

Plaintiff alleges that in March 2018, after five months of use, the front driver's side tire of the Peterbilt truck flattened. *Id*. Plaintiff further alleges the Peterbilt's front tires flattened again in June 2018, September 2018, December 2018, June 2019, September 2019, and June 2020. *Id*. Plaintiff asserts the Peterbilt was "inoperable" after the repeated tire failures. *Id*. As a result, Plaintiff alleges she incurred numerous repair bills and lost profits while the Peterbilt was out of service. Doc. 1-1 at 4. On June 13, 2022, Plaintiff filed a complaint in New Mexico state court asserting three claims against United and Peterbilt: (1) breach of contract; (2) breach of the implied warranty of merchantability; and (3) breach of the covenant of good faith and fair dealings. *See* Doc. 1-1. In July 2022, the case was removed to federal district court based on diversity jurisdiction. Doc. 1.[2]

## LEGAL STANDARD FOR SUMMARY JUDGMENT

---

[1] United argues that Ms. Jaquez, the owner of L&C, was not a party to the Contract and therefore not "the real party in interest" under Federal Rule of Civil Procedure 17(a)(1). Doc. 14 at 8. The Court need not reach the issue because Defendant would be entitled to Summary Judgment even if L&C had initiated the action.

[2] The Court will apply state substantive state law and federal procedural law because this case was removed to federal court based on diversity jurisdiction and Plaintiff's claims sound in state law. *See Racher v. Westlake Nursing Home Ltd. P'ship*, 871 F.3d 1152, 1162 (10th Cir. 2017) ("[f]ederal courts sitting in diversity must apply state substantive law in order to discourage forum shopping and to avoid inequitable administration of the respective state and federal laws."); *see also* Doc. 1-3 (stating basis of jurisdiction is diversity).

Summary judgment is appropriate if the moving party demonstrates "no genuine dispute" exists about "any material fact" and it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56; *see also Russillo v. Scarborough*, 935 F.2d 1167, 1170 (10th Cir. 1991). The moving party bears "both the initial burden of production on a motion for summary judgment and the burden of establishing that summary judgment is appropriate as a matter of law." *Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010) (citing *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002)). The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial. *Trainor*, 318 F.3d at 979. In opposing summary judgment, the nonmoving party cannot rest on mere allegations but "must bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which [he or she] carries the burden of proof." *Kannady*, 590 F.3d at 1169 (internal quotation marks omitted). In reviewing a motion for summary judgment, the court must "examine the factual record and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." *Brammer-Hoelter v. Twin Peaks Charter Academy*, 602 F.3d 1175, 1184 (10th Cir. 2010) (citation and internal quotation marks omitted). Its function at this stage "is not . . . to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986).

## DISCUSSION

Both of Defendants' Motions address Plaintiff's same three claims: (1) breach of contract; (2) breach of the implied warranty of merchantability; and (3) breach of the covenant of good faith and fair dealing. Plaintiff concedes her second claim is time-barred. Doc. 11 at 3-4; Doc. 20 at 3-4. The dispositive question is whether the Plaintiff's two remaining claims are governed by the

Uniform Commercial Code ("UCC") on one hand, or the New Mexico common law of contracts on the other. Defendants argue the UCC governs and therefore the UCC's four-year statute of limitation applies to bar Plaintiff's claims. Plaintiff contends New Mexico common law—including a six-year statue of limitations for claims related to written contracts—governs and therefore her claims are timely. The Court concludes UCC Article 2 applies and thus, Plaintiff's claims are time-barred.

I.      **Plaintiff's claims are time-barred under New Mexico law.**

The parties stipulate and the Court agrees New Mexico state law, as opposed to Colorado state law, supplies the applicable statute of limitation in this case.[3] The parties' sole dispute is over which New Mexico statute of limitations governs Plaintiff's claims.

   A.   **Article 2 of the UCC governs Plaintiff's claims.**

New Mexico has adopted Article 2 of the UCC, which applies to "transactions in goods." NMSA 1978 § 55-2-101 *et seq*. "Goods" is defined as "all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid, investment securities (Article 8) and things in action." *Id.* at § 55-2-105. In New Mexico, Article 2 of the UCC applies "if the primary purpose of the contract is to sell goods rather than to provide services." *Kirkpatrick v. Introspect Healthcare Corp.*, 1992-NMSC-070, ¶ 9, 845 P.2d 800, 803.

The Court finds that Article 2 of the UCC governs Plaintiff's claims for breach of contract and the duty of good faith and fair dealing. Both of Plaintiff's claims arise from her allegation that

---

[3] Because federal jurisdiction is based on diversity of citizenship, the Court must "apply the same statute of limitations that a state court in the forum state would apply to the case." *Anderson Living Trust v. WPX Energy Production, LLC*, 27 F. Supp. 3d 1188, 1228 (D.N.M. 2014) (citation omitted). Even though the Contract was executed in Colorado, New Mexico statutes of limitations apply because New Mexico is the forum state and does not have a borrowing statute that adopts the statute of limitations of foreign states when applying their law. *Id*.

United sold her a defective Peterbilt 388—a "good" within the meaning of Article 2. The Contract explicitly states L&C is the "purchaser" of a 2018 Peterbilt 388, a "used vehicle[] sold 'as is'" by United. Doc. 14-1. Because the contract's sole purpose is to transact goods, Article 2 governs Plaintiff's breach of contract claim. *See Worldwide Machinery, Inc. v. Wall Machinery, Inc.*, No. 2:06CV130DS, 2006 WL 2666411, at *2 (D. Utah Sept. 12, 2006) (finding "UCC Article 2 clearly applies" to claim for breach of contract for the sale of trucks). Furthermore, Plaintiff's claim for breach of good faith and fair dealing arises from the same contract for the sale of goods and sounds in contract law. *See Bourgeous v. Horizon Healthcare Corp.*, 1994-NMSC-038, ¶¶ 15-17, 872 P.2d 852, 856-57 (recognizing a claim for breach of the covenant of good faith and fair dealing is a contract claim and holding that tort remedies are not available for breach). Accordingly, both claims are governed by UCC Article 2.

    **B. Plaintiff's claims are time-barred under the UCC Article 2 statute of limitations.**

Under UCC Article 2, "[a]n action for breach of any contract for sale must be commenced within four years after the cause of action has accrued." NMSA 1978 § 55-2-725(1). Moreover, this four-year statute of limitations supersedes the six-year statute of limitations for claims founded upon written contracts set forth in NMSA 1978 § 37-1-3. *See Autovest, LLC v. Agosto*, 2021-NMCA-053, ¶ 12, 497 P.3d 642, 647 ("an action for breach of a sales contract [must] be commenced within four years rather than the six-year period that is generally applicable" because § 55-2-725 is a "'particular statute of this state' within the meaning of [NMSA 1978] Section 37-1-17). Section 55-2-725(2) further provides: "A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach."

Plaintiff filed her complaint more than four years after Defendants' purported breach and therefore her claims are barred by § 55-2-725(1). The parties stipulate that the latest the breach

5

could have occurred was March 2018 when the front left tire of the Peterbilt 388 first flattened. Doc. 14 at 2. Plaintiff filed her Complaint on June 13, 2022, more than two months after the four-year statute of limitations had run. *Id.* Because the UCC Article 2 four-year statute of limitations governs and there is no material factual dispute that Plaintiff filed her Complaint more than four years after her cause of action accrued, Defendant United is entitled to summary judgment as a matter of law.[4]

The Court's ruling on United's Motion for Summary Judgment is dispositive of Peterbilt's Motion to Dismiss. To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A statute of limitations bar may be resolved on a Rule 12(b)(6) motion to dismiss "when the dates given in the complaint make clear that the right sued upon has been extinguished." *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n. 4 (10th Cir.1980). Plaintiff's complaint, filed June 12, 2022, asserts the same time of breach—March 2018—as is stipulated in the undisputed material facts for the purpose of summary judgment. Doc. 1-1 at 6. Thus, the four-year UCC Article 2 statute of limitations also precludes Plaintiff from asserting her claims against Peterbilt.

## CONCLUSION

For the reasons stated above, the Court finds that Plaintiff's claims against United and Peterbilt are barred by the statute of limitations set forth in NMSA 1978 § 55-2-725(1). Accordingly, Defendant United's Motion for Summary Judgment (Doc. 14) and Defendant

---

[4] The Court notes Plaintiff never filed a Motion to Amend the Complaint or Proposed Amended Complaint, which Plaintiff stated was "forthcoming" in her response to the instant motion over four months ago. *See* Doc. 20 at 3-4.

Peterbilt's Motion to Dismiss (Doc. 7) are **GRANTED**. Plaintiff's claims against both Defendants are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE